**In re Curtis Lawayne TURNER and Rita Gail Turner, Debtors.**

**Curtis Lawayne TURNER and Rita Gail Turner, Appellees/Cross–Appellants,**

v.

**SMALL BUSINESS ADMINISTRATION, The Administrator of the Small Business Administration, an Agency of the Government of the United States of America, Appellant/Cross-Appellee.**

Nos. 94–6191, 94–6208.

United States Court of Appeals,
Tenth Circuit.

Sept. 16, 1996.

Thomas J. Steece, Kenneth L. Peacher, Steece, Mathews, Gray & Peacher, Oklahoma City, OK, for Curtis Lawayne Turner, Rita Gail Turner.

J. Christopher Kohn, Frank W. Hunger, Asst. Atty. Gen., Cynthia L. Alexander, U.S. Dept. of Justice, Civ. Div., Washington, DC, Patrick M. Ryan, U.S. Atty., Oklahoma City, OK, Rosalee Morris, Special Asst., U.S. Small Business Admin., Oklahoma City, OK, for Small Business Admin.

Before HENRY and McKAY, Circuit Judges, and VRATIL,* District Judge.

McKAY, Circuit Judge.

This case involves the United States' setoff of Agricultural Stabilization and Conservation Service ("ASCS") payments due the Debtors Curtis and Rita Turner against the Turners' delinquent debt to the Small Business Administration.[1] The Turners, after filing bankruptcy, attempted to recover the offset amounts under either 11 U.S.C. § 547 or 11 U.S.C. § 553. The bankruptcy court, affirmed by the district court, held that the setoff was avoidable under 11 U.S.C. § 553(b) because it occurred within ninety days before the Turners filed their bankruptcy petition. On appeal, the SBA argued that the bankruptcy court improperly applied § 553. This court held that § 553 did not apply. Instead, the court reasoned that the transaction in question was avoidable under 11 U.S.C. § 547. *In re Turner*, 59 F.3d 1041 (10th Cir.1995) (*"Turner I"*). The Tenth Circuit Court of Appeals then considered the case en banc and held that § 553 rather than § 547 should have been applied. The en banc court remanded the case to this panel for consideration of § 553. *In re Turner*, 84 F.3d 1294 (10th Cir.1996) (*"Turner II"*). The relevant facts are set out in full in *Turner I* and *Turner II* and need not be repeated here.

■ The SBA argues that the bankruptcy court misapplied § 553(b).[2] Under § 553(b), the bankruptcy trustee may recover part of the amount which was offset if (1) the setoff occurred within ninety days of the filing of the bankruptcy petition and (2) the creditor "improved its position" as a result of the setoff.[3] *See Braniff Airways, Inc. v. Exxon Co., USA*, 814 F.2d 1030, 1040 (5th Cir.1987). To determine whether a creditor has improved its position, it is necessary to determine the "insufficiency" both when the setoff occurred and at the point in time ninety days before the bankruptcy petition was filed. *See id.* The insufficiency is the amount by which the debtor's debt to the creditor exceeds the amount which the creditor owes the debtor. 11 U.S.C. § 553(b)(2).[4] If the setoff occurs within the ninety-day prepetition period and it results in a smaller insufficiency than existed before the ninety-

---

* The Honorable Kathryn H. Vratil, United District Judge for the District of Kansas, sitting by designation.

1. Subsequent to the filing of this petition, the Department of Agriculture was reorganized. As a result, the ASCS was abolished and the new Consolidated Farm Service Agency ("CFSA") assumed the previously performed functions of the former ASCS. *See* 60 Fed.Reg. 1710 (1995). The CFSA was later renamed the Farm Service Agency. *See* 60 Fed.Reg. 64297 (1995). We continue to refer to the ASCS in this opinion for ease of reference and because it was in existence at all relevant times.

2. To the extent the parties raise issues under 11 U.S.C. § 553(a), those issues were addressed by the court in *Turner II*.

3. Section 553(b)(1) provides:

[I]f a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

4. Section 553(b)(2) defines insufficiency as the "amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim."

day period, then the creditor has improved its position. The debtor may then recover the setoff amount to the extent that it improved the creditor's position. In other words, the statute prevents the creditor from using a setoff to put itself in a better position than it was in prior to the ninety-day prepetition period. The purpose of § 553(b) is to keep creditors from using setoffs within the applicable ninety-day period to defeat the rights of other creditors. *See Lee v. Schweiker*, 739 F.2d 870, 877 (3rd Cir.1984). In this respect, it mirrors the voidable preference policies expressed in 11 U.S.C. § 547.

■ The SBA contends both that the setoff occurred 132 days before the petition filing and that it did not improve its position as a result of the setoff. We choose not to address the issue of when the setoff occurred because we hold that even had it occurred within ninety days of the petition filing, the SBA did not improve its position as a result. Ninety days before the petition was filed the Turners owed the SBA $199, 551.58. On the same day the United States owed the Turners $24,599.35 for ASCS payments.[5] Thus, the insufficiency at this time was $174,952.23. According to the Turners' argument, the first setoff occurred forty-two days before the petition was filed in the amount of $2,788.00. After this alleged setoff, the Turners would have owed the SBA $196,763.58, and the ASCS would have owed the Turners $21,-811.35. Thus, after the first alleged setoff the insufficiency would still have been $174,-952.23. The Turners further allege that setoffs occurred on two other dates within the ninety-day prepetition period. Even were

we to assume this to be true, no improvement in position occurred. As with the first setoff, the amount of insufficiency would not have changed because the ASCS payments would have reduced the amount owed to the Turners by the same amount that the debt owed to the SBA would have been reduced. Because the insufficiency would not have changed, the SBA could not have improved its position. As a result, the Turners are not entitled to recover under § 553(b) any of the setoff amounts even were we to assume that the setoffs occurred within the ninety-day prepetition period.

■ Finally, the Turners argue that the State National Bank of Marlow (the "Bank"), a Turner creditor, had a security interest in the ASCS payments. They reason that allowing the SBA to set off the ASCS payments would in effect allow the SBA's claim to take priority over the Bank's secured claim. They base this argument on a security agreement between the Bank and the Turners in which the Turners agreed to assign all their rights in ASCS payments to the Bank as security for a loan. Appellant's App. at 6. The Bank and the Turners, however, failed to comply with 7 C.F.R. part 1404, which sets forth the conditions under which an assignment of ASCS payments may occur when another governmental agency has setoff rights. The Turners' statement that there are no "special procedures in the ASCS ... requiring filings other than those required by state law" is plainly incorrect. Appellees' Brief at 27. Thus, any claim which the Bank may have does not defeat the SBA's right to set off the ASCS payments.

---

**5.** It is not clear from the record whether the amounts due to the Turners from the ASCS were liquidated or fixed as of ninety days prior to the filing of the petition. An insufficiency can exist, however, even if a claim or debt is unliquidated or contingent. Section 553(b)(2) defines insufficiency as the "amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim." "Debt" is defined as "liability on a claim" and "claim" is defined as a "right to payment, whether or not such right is ... liquidated, unliquidated, fixed, contingent, matured, [or] unmatured...." 11 U.S.C. § 101(5)(A) (claim) & (12) (debt).

Here, the ASCS had a contractual duty prior to the ninety-day prepetition period to pay the Tur-

ners for withholding farmland from production and for maintaining soil conservation practices. Ninety days before the petition was filed this duty to pay may have been unliquidated, or even contingent, but it still represented a right to payment from which an insufficiency could later be calculated. *See, e.g, In re Hecht*, 41 B.R. 701, 705 (Bankr.S.D.N.Y.1984) (insufficiency calculable for date on which loan had not yet matured); *United States through Agric. Stabilization and Conservation Serv. v. Gerth*, 991 F.2d 1428, 1433–34 (8th Cir.1993) (holding that right of payment from ASCS arose prepetition for purposes of 11 U.S.C. § 553(a) even though the right of payment was contingent and unliquidated at the relevant time).

We REVERSE and REMAND for proceedings consistent with this opinion.